

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-74,225-06

### EX PARTE WILLIAM ROBERT VANN, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 07-02290-C IN THE CRIMINAL DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to 18 years' imprisonment.

Applicant contends that he is being improperly classified as ineligible for discretionary mandatory supervision for this sentence, although neither this conviction nor any of his prior convictions were for offenses listed in Tex. Gov't Code § 508.149(a) or its predecessor. Applicant specifically refers to a 1986 conviction which, he asserts, has been improperly treated as a felony conviction for indecency with a child. Applicant has alleged facts that, if true, might entitle him to

relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall obtain the judgment and any other paperwork it deems relevant concerning Applicant's 1986 conviction. Additionally, the court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating whether Applicant is serving a sentence for, or has previously been convicted of, an offense listed in Tex. Gov't Code § 508.149(a) or its predecessor. The affidavit should state whether Applicant is eligible for discretionary mandatory supervision on his current sentence, and if not, why not. Finally, the affidavit should indicate whether Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has properly exhausted his administrative remedies as required by TEX. GOV'T CODE § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant is eligible for discretionary mandatory supervision on this sentence, and if not, why not. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing the judgment from the 1986 conviction, and all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 21, 2019
Do not publish